28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph Edward ROACH, Defendant-Appellant.
 No. 93-5776.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 5, 1994.
Decided: June 21, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-93-171-S)
 G. Allen Dale and Alan B. Soschin, Washington, D.C.
 Lynne A. Battaglia and Ethan L. Bauman, Baltimore, Maryland.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph Edward Roach appeals from the district court's judgment convicting him of possession of a firearm by a felon, in violation of 18 U.S.C.A. Sec. 922(g) (West 1976 & Supp.1994). We affirm.
 
 
 2
 Roach first alleges an evidentiary error, which we review for abuse of discretion. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir.1993), cert. denied, 1994 U.S. LEXIS 2531 (U.S.1994). At trial, a police officer involved in the search of Roach's apartment testified that he found one of the firearms in a drawer which also contained mace, ammunition, knives, and switchblades.* These items were entered into evidence over Roach's objection. Lisa Denison, Roach's girlfriend, testified that she possessed the gun and kept it in a drawer containing only Roach's underwear and socks. The Government contended that the evidence was relevant because it showed that Denison lied to protect Roach. In the alternative, the fact that Roach had moved the gun from that drawer to another was evidence of his possession of the weapon.
 
 
 3
 The Government's contentions were correct. The evidence was relevant to show Roach's possession or admissible to impeach Denison's testimony. Fed.R.Evid. 401, 607. Furthermore, the evidence was not unfairly prejudicial. Fed.R.Evid. 403. Thus, we find no abuse of discretion in the district court's admission of the evidence.
 
 
 4
 Roach next contends that the district court's instructions regarding reasonable doubt were improper. Because Roach did not object to the instruction, we review only for plain error. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S. April 26, 1993). For the error to be "plain," it must impugn the "fairness, integrity, or public reputation" of the judicial proceedings. Id. at 4424.
 
 
 5
 The district court instructed the jury numerous times that it must find Roach guilty beyond a reasonable doubt. The court further instructed the jury that the burden was on the government to prove guilt beyond a reasonable doubt as to each element of the offense. At the end of the court's instructions, it stated: "[T]he government ... must prove the essential elements of the offense beyond a reasonable doubt. If the government has succeeded, the verdict should be guilty as to that offense. If the government has failed, then the verdict should be not guilty." (J.A. at 244.)
 
 
 6
 Roach challenges the court's use of "should," contending that "must" was necessary to properly define reasonable doubt. We disagree. Although the word "should" is more permissive than the word "must," in the context of the entire instructions, it did not diminish the government's burden. Cf. Victor v. Nebraska, 62 U.S.L.W. 4179, 4183 (U.S. March 22, 1994) (use of term "moral certainty" did not relax reasonable doubt standard in jury instructions). If the Government proved its case, then the verdict should have been guilty. Otherwise, the verdict should have been not guilty. Because there was no error, there could have been no plain error. United States v. Hanno, No. 92-5776, 1994 WL 96725 at * 2 (4th Cir. March 28, 1994) (citing Olano ).
 
 
 7
 Roach next complains that the district court failed to instruct the jury properly regarding the unanimity of the verdict required by the Sixth Amendment and Fed.R.Crim.P. 31(a). In this Circuit, a defendant is entitled to a specific unanimity instruction only if there are "special circumstances." United States v. Torcasio, 959 F.2d 503, 508 (4th Cir.1992), cert. denied, 113 S.Ct. 1253 (1993). "Special circumstances" relate to whether there is a real possibility of juror confusion. Id.; see also United States v. Payseno, 782 F.2d 832, 836 (9th Cir.1986) (specific unanimity instruction warranted when there is a "genuine possibility" the jury could have been confused).
 
 
 8
 Again, because no objection was raised at trial, we review only for plain error. At the beginning and end of the instructions the court informed the jury that its verdict must be unanimous. During its explication of the elements of the crime, the court stated in detail the required findings, telling the jury that it must find each of the elements met for at least one of the weapons to find guilt.
 
 
 9
 In United States v. Sims, 975 F.2d 1225 (6th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993), and cert. denied, 113 S.Ct. 1617 (1993), and cert. denied 113 S.Ct. 1620 (1993), the Sixth Circuit found no error for lack of a unanimity instruction. There, two weapons were involved, both of which were found in the same place, at the same time. In Payseno, 782 F.2d at 832, the Ninth Circuit found plain error in the failure of the district court to issue a specific unanimity instruction. There, three instances of extortion occurred on three different dates and involved three different victims. In the present case, all three guns were found in Roach's bedroom on the same occasion, but in different locations in the bedroom.
 
 
 10
 Here, the facts surrounding the discovery of the weapons and their possession resemble those in Sims. Furthermore, the instructions given here were detailed and required the jury to find all the elements of the crime with regard to at least one weapon. Therefore, since there was no genuine possibility of jury confusion, we find that there were no "special circumstances" warranting a specific unanimity instruction. Even if the instructions could have been more explicit with regard to unanimity, they were not plainly erroneous.
 
 
 11
 We affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Three weapons were found in Roach's apartment, each in a different location in the same bedroom. Roach was charged with possession of the three weapons in a one-count indictment